FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WAYMAN KAUA,
    *Petitioner-Appellee,*

v.

CLAYTON FRANK, Warden, Halawa Correctional Facility; STATE OF HAWAII,
    *Respondents-Appellants.*

No. 05-15059

D.C. No. CV-03-00432-SOM/BMK

OPINION

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted
December 5, 2005—San Francisco, California

Filed January 11, 2006

Before: Stephen S. Trott, Thomas G. Nelson, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Thomas G. Nelson

---

## SUMMARY

### Criminal Law and Procedure/Sentencing

The court of appeals affirmed a judgment of the district court. The court held that *Apprendi v. New Jersey* required a jury, rather than the Hawaii sentencing court, to find that an extended sentence was necessary to protect the public.

331

Appellee Wayman Kaua was convicted in Hawaii state court of several felony offenses committed in connection with a hostage standoff, including class-A felonies carrying twenty-year maximum sentences, class-B felonies carrying ten-year maximum sentences, and class-C felonies carrying five-year maximum sentences. The Hawaii sentencing court granted the prosecution's motion to extend Kaua's sentence pursuant to Hawaii Revised Statutes section 706-662(4)(a). In making its determination, the sentencing court applied a two-step process, as directed by a Hawaii Supreme Court ruling, first finding that Kaua fell within the class of "multiple offenders" subject to an extended sentence and, second, determining that an extended sentence was necessary for the protection of the public. In exercising this second step of the prescribed two-step analysis, the sentencing court found a number of specific facts from which it determined that an extended sentence was necessary to protect the public, including Kaua's history of substance abuse, his abuse of drugs shortly before the hostage standoff, his history of assaultive behavior, his inability to control his behavior while under the influence or while under stress, his access to firearms, his lack of experience using the weapon with which he perpetrated the standoff, and the strong possibility that he could have injured minors and innocent bystanders because of his inexperience. Kaua's judgment of conviction and sentence were affirmed on direct appeal. Kaua filed a postconviction motion in the Hawaii state trial court for correction of his sentence based on *Apprendi*. The trial court denied his motion and the Hawaii Supreme Court affirmed, reasoning that the "extrinsic" nature of the factual findings required for step two analysis under section 706-662(4)(a) exempted those findings from the reach of *Apprendi*. Kaua then filed a habeas corpus petition in district court. The district court granted his petition, holding that the Hawaii Supreme Court's affirmance of his sentence was contrary to, and an unreasonable application of, *Apprendi*.

The State of Hawaii and Warden Clayton Frank appealed.

[1] The facts required to satisfy step two of section 706-662(4)'s sentencing process are facts outside of those found by the jury that expose the defendant to an increased sentence. Because *Apprendi* held that any fact other than the fact of a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt, a jury was required to find the facts required to satisfy step two.

[2] *Apprendi* made irrelevant any distinction between facts based on their "intrinsic" or "elemental" quality for purposes of ascertaining whether the Sixth Amendment requires a jury to find them. *Apprendi* announced a new rule that focused on the *effect* of a court's finding of fact, not on the label the statute or the court applied to that fact. The United States Supreme Court plainly set forth this new rule, stating that "the relevant inquiry is one not of form, but of effect — does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" If so, the Sixth Amendment requires a jury, not a judge, to make the finding. *Apprendi* exempted only one finding — the fact of a prior conviction — from this "general rule."

[3] The sentencing court's public protection finding, coupled with the finding of multiple felonies, exposed Kaua to a sentence greater than the jury's guilty verdict authorized. Although it was proper for the court to make the multiple felony finding, under *Apprendi*, a jury should have made the public protection finding. The Hawaii Supreme Court's opposite conclusion, therefore, was contrary to *Apprendi*.

## COUNSEL

Peter B. Carlisle, Prosecuting Attorney, and Loren J. Thomas, Deputy Prosecuting Attorney, Honolulu, Hawaii, for the respondents-appellants.

Peter C. Wolff, Jr., Federal Public Defender, Honolulu, Hawaii, for the petitioner-appellee.

## OPINION

T.G. NELSON, Circuit Judge:

Appellants, the State of Hawaii and Clayton Frank,[1] appeal the Hawaii district court's grant of Wayman Kaua's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm. The Hawaii sentencing court found that an extended sentence was necessary to protect the public in Kaua's case. Because the effect of this finding was to increase Kaua's sentence above that authorized by the jury's guilty verdict, we hold that *Apprendi v. New Jersey*[2] required a jury to make the finding. In reaching the opposite conclusion, the Hawaii Supreme Court applied a rule — the "intrinsic-extrinsic" analysis — contrary to the rule that *Apprendi* announced. The district court properly granted the writ.

## BACKGROUND

In 1999, Kaua was indicted in state court in connection with a hostage standoff.[3] A jury acquitted Kaua of attempted murder in the first degree, but convicted him of several other offenses. These offenses included class-A felonies carrying twenty-year maximum sentences, class-B felonies carrying ten-year maximum sentences, and class-C felonies carrying five-year maximum sentences.

---

[1] Henceforth, we refer to the appellants collectively as "the State."

[2] 530 U.S. 466 (2000).

[3] A full description of the crimes of which Kaua was convicted may be found in *State v. Kaua*, 72 P.3d 473 (Haw. 2003).

After the jury returned its guilty verdict, the prosecution moved to extend Kaua's sentence pursuant to Hawaii Revised Statutes section 706-662(4)(a). That section provides for an extended sentence if "[t]he defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public."[4] The section further provides that a court must find that "[t]he defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for [a] felony" in order to impose an extended sentence.[5]

The Hawaii Supreme Court has ruled that section 706-662(4) requires the sentencing court to conduct a two-step process.[6] First, the court must find that the defendant falls within the class of "multiple offenders" subject to an extended sentence.[7] Under section 706-662(4)(a), this first step requires the court to find that the defendant is being sentenced for two or more felonies, or is already under sentence of imprisonment for a felony. Second, the court must determine whether an extended sentence is necessary for the protection of the public.[8]

After following the required two-step process, the sentencing court granted the prosecution's motion to extend Kaua's sentence. The court found that Kaua's prior conviction for being a criminal in possession of a firearm and ammunition and his new convictions satisfied section 706-662(4)(a). The court then found a number of specific facts, and from these facts determined that an extended sentence was necessary to protect the public. These facts included Kaua's history of substance abuse; his abuse of drugs shortly before the hostage standoff; his history of assaultive behavior; his inability to

---

[4] Haw. Rev. Stat. § 706-662(4).

[5] *Id.* at § 706-662(4)(a).

[6] *State v. Okumura*, 894 P.2d 80, 109 (Haw. 1995); *State v. Schroeder*, 880 P.2d 192, 202-03 (Haw. 1994).

[7] *Schroeder*, 880 P.2d at 202-03.

[8] *Id.* at 203 & n.17.

control his behavior while under the influence or while under stress; his access to firearms; his lack of experience using the weapon with which he perpetrated the standoff; and the strong possibility that he could have injured minors and innocent bystanders because of his inexperience.

The court then sentenced Kaua. It extended the sentence for each of the class-A felonies from the maximum twenty-year term to life imprisonment with the possibility of parole.[9] The court extended Kaua's class-B felonies from maximum ten-year terms to twenty-year terms.[10] Finally, it extended Kaua's class-C felonies from five-year terms to ten-year terms.[11] The court ordered Kaua's sentences to run concurrently.

Kaua filed a timely notice of appeal with the Hawaii Supreme Court on February 28, 2000. On June 26, 2000, the United States Supreme Court decided *Apprendi*. Almost one year later, on May 1, 2001, the Hawaii Supreme Court affirmed Kaua's judgment of conviction and sentence. Although *Apprendi* already had been decided, Kaua had not briefed the case or raised any *Apprendi* issues in his direct appeal. Thus, the Hawaii Supreme Court did not address *Apprendi* when it affirmed Kaua's sentence.

On March 13, 2002, Kaua filed a Hawaii Rule of Penal Procedure 35 motion[12] with the state trial court for correction of his sentence based on *Apprendi*. The trial court denied his motion. Kaua timely appealed to the Hawaii Supreme Court, which addressed Kaua's *Apprendi* claim and affirmed the trial court's denial in a published opinion.[13] On August 12, 2003,

---

[9] *See* Haw. Rev. Stat. §§ 706-659, -661(2).

[10] *See* Haw. Rev. Stat. §§ 706-660(1), -661(3).

[11] See Haw. Rev. Stat. §§ 706-660(2), -661(4).

[12] Haw. R. Penal P. 35 ("The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.").

[13] *State v. Kaua*, 72 P.3d 473 (Haw. 2003).

Kaua filed a habeas corpus petition in federal district court in Hawaii to vacate his sentence pursuant to 28 U.S.C. § 2254. The district court granted his petition, holding that the Hawaii Supreme Court's affirmance of his sentence was contrary to, and an unreasonable application of, *Apprendi*. The State timely appealed the district court's grant of the petition.

## ANALYSIS

### I. Standards of review

We review de novo the district court's grant of Kaua's petition for writ of habeas corpus.[14] Under 28 U.S.C. § 2254(d)(1), a federal habeas petitioner can prevail only if he can show that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court case law.[15] "Clearly established" law is the "governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."[16] A state court decision is "contrary to" clearly established law if the court " 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases.' "[17] "We cannot avoid granting the writ . . . by positing an alternative reason for the state court's [decision] that is entirely distinct from the reason given by the state court, even if such different reason might have justified the state court's action."[18]

---

[14]*Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).

[15]28 U.S.C. § 2254(d)(1).

[16]*Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

[17]*Id.* at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

[18]*Van Lynn v. Farmon*, 347 F.3d 735, 737 (9th Cir. 2003).

## II. The Hawaii Supreme Court's decision was contrary to *Apprendi*

[1] Kaua challenges the Hawaii Supreme Court's conclusion that *Apprendi* permits a judge, rather than a jury, to find the facts required to satisfy step two of section 706-662(4)'s sentencing process.[19] The second step requires a sentencing judge to determine if extending the defendant's sentence is necessary for the protection of the public.[20] This inquiry requires the court to find facts outside of those found by the jury that expose the defendant to an increased sentence.[21] Because *Apprendi* held that any fact other than the fact of a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt,[22] we agree with Kaua that a jury must find the facts required to satisfy step two.

The State argues that the public protection finding of step two is discretionary. In the State's view, the sentencing court's finding that a defendant has been convicted of prior felonies alone subjects the defendant to an extended sentence. Because *Apprendi* exempted the fact of a prior conviction from its ambit, the State contends that the state court's application of section 706-662(4) was constitutional.

Contrary to the State's arguments, however, Hawaii courts repeatedly have interpreted section 706-662(4) to require a two step process.[23] In *State v. Okumura*, the Hawaii Supreme

---

[19]The State does not dispute that *Apprendi* applies to Kaua's case and that Kaua exhausted his state remedies.

[20]*Schroeder*, 880 P.2d at 203 & n.17.

[21]*See Kaua*, 72 P.3d at 484-85 ("[T]he facts at issue in rendering an extended term sentencing determination under [section 706-662(4)] implicate considerations completely 'extrinsic' to the elements of the offense with which the defendant was charged and of which he was convicted.").

[22]*Apprendi*, 530 U.S. at 490.

[23]*See, e.g., Okumura*, 894 P.2d at 109; *Schroeder*, 880 P.2d at 202.

KAUA v. FRANK  339

Court stated that both steps of the process "*must* be followed" when the prosecution seeks an extended sentence.[24] Hawaii courts never have characterized step two as anything other than the finding and evaluation of facts.[25] The State's reading of section 706-662(4), therefore, does not comport with the Hawaii Supreme Court's interpretation. In any case, the Hawaii Supreme Court did not base its dismissal of Kaua's Rule 35 motion on the arguments that the State advances. Because our review is limited to the "reason[s] given by the

---

[24]*Okumura*, 894 P.2d at 109 (emphasis added); *see also id.* at 110 ("After the first step of th[e] process has been completed and the defendant has been found by the court to be within the class of offenders specified by the particular subsection, the court *must determine* . . . that the defendant's commitment for an extended term is necessary for the protection of the public.") (internal quotation marks omitted) (omission in original) (emphasis added).

[25]*See, e.g., id.* at 110 (requiring the judge to "enter into the record all *findings of fact*" that underlie the decision that an extended sentence is necessary for the protection of the public) (emphasis added).

The Hawaii Supreme Court's interpretation of section 706-662(4) arguably distinguishes that statute from New York's persistent felony offender statute, which was at issue in *Brown v. Greiner*, 409 F.3d 523 (2d Cir. 2005), *petitions for cert. filed*, ___ U.S.L.W. ___ (U.S. Aug. 17, 2005) (No. 05-6789), ___ U.S.L.W. ___ (U.S. Oct. 14, 2005) (No. 05-7035). Although the language of the two statutes is nearly identical, the Court of Appeals of New York has explained that "prior felony convictions are the *sole determinate* of whether a defendant is subject to enhanced sentencing as a persistent felony offender." *People v. Rosen*, 752 N.E.2d 844, 847 (N.Y. 2001) (emphasis added). Furthermore, that court has interpreted the second determination, that the public interest will be served by an extended sentence, not as a factual finding but as "a vague, amorphous assessment" or "opinion." *Brown*, 409 F.3d at 534 (internal quotation marks omitted). Based on the interpretation of the New York statute previously adopted, the Second Circuit held in *Brown* that the Court of Appeals of New York did not unreasonably apply *Apprendi* in upholding the persistent felony offender statute. *Id.* However, to the extent that the Court of Appeals of New York relied on the pre-*Apprendi* distinction between "elemental" facts and "sentencing factors" in its analysis of the statute, *see Rosen*, 752 N.E.2d at 847, we disagree with the Second Circuit's conclusion that the New York court's decision was not contrary to, or an unreasonable application of, *Apprendi*. *See Brown*, 409 F.3d at 534.

[Hawaii] court," we cannot adopt the State's "alternative reason" for affirming the Hawaii Supreme Court's decision.[26]

[2] With respect to the Hawaii Supreme Court's decision, we disagree with its reasoning that the "extrinsic" nature of the factual findings required for step two exempt them from *Apprendi*'s reach.[27] *Apprendi* made irrelevant any distinction between facts based on their "intrinsic" or "elemental" quality for purposes of ascertaining whether the Sixth Amendment requires a jury to find them.[28] *Apprendi* announced a new rule that focused on the *effect* of a court's finding of fact, not on the label the statute or the court applied to that fact.[29] The United States Supreme Court plainly set forth this new rule, stating that "the relevant inquiry is one not of form, but of effect — does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?"[30] If so, the Sixth Amendment requires a jury, not a judge, to make the finding.[31] *Apprendi* exempted only one finding — the fact of a prior conviction — from this "general rule."[32]

---

[26] *Van Lynn*, 347 F.3d at 737.

[27] *Kaua*, 72 P.3d at 482; *see State v. Tafoya*, 982 P.2d 890, 900 (Haw. 1999) (" '[I]ntrinsic' factors, required to be pled in the indictment and found by the jury, are . . . contemporaneous with, and enmeshed in, the statutory elements of the proscribed offense. Contrarily 'extrinsic' factors are separable from the offense itself in that they involve consideration of collateral events or information.").

[28] *Apprendi*, 530 U.S. at 494 ("[I]t does not matter [how] the required finding is characterized . . . because labels do not afford an acceptable answer" to the constitutional question.) (internal quotation marks and brackets omitted).

[29] *Id.* at 492-94 & n.19 ("[W]hen the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the *functional equivalent of an element* of a greater offense than the one covered by the jury's guilty verdict.") (emphasis added).

[30] *Id.* at 494.

[31] *Id.* at 490.

[32] *Id.* at 490.

| KAUA v. FRANK | 341 |
|---|---|

[3] The sentencing court's public protection finding, coupled with the finding of multiple felonies, exposed Kaua to a sentence greater than the jury's guilty verdict authorized. Although it was proper for the court to make the multiple felony finding, under *Apprendi*, a jury should have made the public protection finding. The Hawaii Supreme Court's opposite conclusion, therefore, was contrary to *Apprendi*.

## CONCLUSION

The Hawaii Supreme Court's affirmance of Kaua's extended sentence was contrary to the U.S. Supreme Court's decision in *Apprendi*. The state court applied its "intrinsic-extrinsic" analysis, which is a variant of the "element-sentencing factor" distinction that *Apprendi* explicitly rejected. Because the effect of the public protection finding was to increase Kaua's sentence above that authorized by the jury's guilty verdict, the Sixth Amendment required a jury to make the finding. Therefore, the district court's grant of Kaua's petition for a writ of habeas corpus is AFFIRMED.